## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HOA VAN TANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1468-J |
| | ) | |
| SCARLET GRANT, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, proceeding pro se, filed a petition for habeas corpus under 28 U.S.C. § 2241 [Doc. No. 1]. United States Immigration and Customs Enforcement filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 8].[1] Petitioner filed a reply [Doc. No. 11].[2] The matter was referred to United States Magistrate Judge Shon T. Erwin who entered a Report and Recommendation [Doc. No. 9] recommending that (1) the Petition for Writ of Habeas Corpus be granted to the extent it requests habeas relief under 28 U.S.C. § 2241, (2) Respondent release Petitioner from custody immediately, subject to an appropriate Order of Supervision, and (3) Respondent submit a declaration pursuant to 28 U.S.C. § 1746 affirming that Petitioner has been released from custody. The parties were advised of their right to object to the Report and

---

[1] The named Respondent has not been consistent in the record. Although the Petition names Scarlet Grant—Warden of Cimarron Correctional Facility—the Response was submitted by ICE because the Warden's interests "are contractually derivative of the federal Respondent's interests" [Doc. No. 7]. Whether the named Respondent is Scarlet Grant or ICE does not materially alter the Court's analysis.

[2] Before filing the reply, Petitioner moved for an extension of time to file the reply [Doc. No. 10]. Because the Court adopts the Report and Recommendation, the Court DENIES the Motion for Extension of Time [Doc. No. 10] as MOOT.

Recommendation by February 4, 2026.  Respondent filed an objection [Doc. No. 12] which triggers de novo review.

Petitioner's indefinite detention under 8 U.S.C. § 1231(a)(6) violates Petitioner's Fifth Amendment due process rights, pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).[3]  In *Zadvydas*, the Supreme Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699.  The Supreme Court further found:

> After this 6-month removal period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.* at 701.

In the Report and Recommendation, Judge Erwin finds that Petitioner has met his burden of providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and that Respondent has not rebutted Petitioner's showing.  In the objection, Respondent asserts that Judge Erwin's finding overvalues Petitioner's historic non-removal and improperly discounts evidence of changed circumstances such as increased removals to Vietnam in 2025.

Having reviewed the court file, the Court concurs with Judge Erwin's finding.  It is undisputed that Petitioner has been detained over six months.  Additionally, based upon the

---

[3] In the Report and Recommendation, Judge Erwin declines to address Petitioner's other requests for relief, including Petitioner's allegations that his re-detention was in violation of ICE's own regulations.  Because the Court is adopting Judge Erwin's conclusion that Petitioner's indefinite detention violates his Fifth Amendment due process rights, the Court declines to address Petitioner's remaining claims or requests for relief.

information obtained in both Petitioner's prior attempted removal and the current attempted removal, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  It is undisputed that Petitioner was previously granted a withholding of removal [Doc. No. 1] and was released under an Order of Supervision at two different times [Doc. Nos. 1, 8].  Petitioner has noted no change in circumstances since he was first released and that he has demonstrated to ICE's satisfaction that there is no significant likelihood of his removal in the reasonably foreseeable future [Doc. No. 1].

Respondent attempts to rebut this showing by relying on a generalized, statistical increase in removal efforts to Vietnam in 2025 as evidence of a "repatriation pipeline" and that Petitioner's removal is, therefore, likely in the reasonably foreseeable future [Doc. No. 12].  Respondent, however, has not identified any individualized efforts with respect to Petitioner's removal.  For example, no future hearings are scheduled for Petitioner, and Respondent has not offered evidence that travel documents have been requested or issued for Petitioner [Doc. No. 9].[4]

Finally, in the Response [Doc. No. 8], Respondent devotes three sentences to argue that Petitioner's claims are barred because this Court lacks jurisdiction under 8 U.S.C. § 1252(g) over claims "arising from the decision or action by the Attorney General to . . . execute removal orders." In support, Respondent cites *Tazu v. Atty' Gen.*, 975 F.3d 292, 300–01 (3d Cir. 2020), to argue that re-detention following revocation of supervision is a paradigmatic example of an action taken to execute a removal order [Doc. No. 8].  However, *Tazu* explicitly recognizes that § 1252(g) "does

---

[4]  The Court acknowledges the "inartful" reference to an individual named "Nguyen" rather than Petitioner in the Declaration from Deportation Officer Micheal Thompson [Doc. Nos. 11–12].  In the Objection, ICE invites the Court to grant ICE the opportunity to correct the clerical name error. The Court declines the invitation, however, because a correction of the name would not alter the Court's analysis.

not sweep broadly" because it reaches only the specific actions included in the statute. *Tazu*, 975 F.3d at 296. *Tazu* is also distinguishable because the Government in that case obtained the individual's travel documents before re-detaining him and the individual sought a stay of his removal in addition to habeas relief. *Id.* at 295. Moreover, this Court has previously found that § 1252(g) does not strip this Court of jurisdiction. *E.g., Medina-Herrera v. Noem*, No. CIV-25-1203-J, 2025 WL 3460946, at *1–2 (W.D. Okla. Dec. 2, 2025).

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 9], GRANTS Petitioner's Verified Petition for Writ of Habeas Corpus to the extent it requests habeas relief under 28 U.S.C. § 2241 [Doc. No. 1], DENIES Petitioner's motion for extension of time [Doc. No. 10] as MOOT, ORDERS Petitioner be released from custody immediately, subject to an appropriate Order of Supervision,[5] and ORDERS United States Immigration and Customs Enforcement to submit a declaration pursuant to 28 U.S.C. § 1746 affirming that Petitioner has been released from custody.

IT IS SO ORDERED this 6th day of February, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[5] 8 C.F.R. § 241.5 governs the issuance and conditions of orders of supervision.